UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA IRENE STAPLETON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. C22-5845 TLF<br><br>ORDER |

　　　Plaintiff Ms. Stapleton filed a complaint against the Acting Commissioner of Social Security alleging that she was wrongfully denied disability benefits. Dkt. 1. The Commissioner moved to dismiss, arguing that Ms. Stapleton's complaint was filed outside the 60-day appeals window. Dkt. 12. Ms. Stapleton opposed the motion to dismiss, arguing that Plaintiff has been diligently pursuing her right and extraordinary circumstances exist in this case, and thus, equitable tolling should apply. Dkt. 13. The motion to dismiss is DENIED.

　　I.　　Background

　　　Plaintiff alleges in her complaint that the Commissioner erred in denying her application for disability benefits. Dkt. 1. Plaintiff asserts she is disabled and argues she is eligible for financial assistance from the Social Security Administration. Plaintiff is proceeding *in forma pauperis*, meaning that this Court has found that she lacked sufficient funds to enable her to pay the filing fee to initiate this case. Dkt. 6.

Ms. Stapleton's claim for disability benefits was denied by an Administrative Law Judge on May 19, 2021. Dkt. 12-2. She requested a review of that decision, and the Appeals Council denied request for review of the unfavorable decision by notice dated March 24, 2022. Dkt. 12-2, at 30. On May 19, 2022, the office of Plaintiff's new counsel, Randi Johnson, filed a request for extension of time to file a civil action. Dkt. 1-1, at 2-3. Plaintiff's counsel re-filed this extension request on May 23, 2022, after the Appeals Council claimed that they did not receive the request. See Dkt. 13-1 at ¶3-4 (Declaration of Kelly Horness, Paralegal of Gravis Law LLC). On June 6, 2023, Ms. Horness called the Appeals Council to confirm receipt of the request; she was advised that they were still processing the request. Id. at ¶5. On August 23, 2022, the Appeals Council granted Plaintiff the 30 additional days from receipt of the letter to file a civil action. See 12-2 at ¶3(b) (Declaration of Christianne Voegele). The letter was sent to Plaintiff's original attorney of record rather than Mr. Johnson. Mr. Johnson's office, to date, has not received this letter. See Dkt. 13-1 at ¶6. Plaintiff's action was commenced on November 1, 2022. Dkt. 1.

II.   Legal Standard

42 U.S.C. § 405(g) states that a civil action appealing a final decision of the Commissioner of Social Security made after a hearing must be commenced within 60 days after the plaintiff's receipt of notice of the decision. The 60-day period begins to run on the day after the plaintiff receives notice of the Appeals Council's action. 20 C.F.R. §§ 404.968, 416.1468. The notice is presumed to have been received "5 days after the date on the notice." 20 C.F.R. §§ 404.901, 416.1401.

The 60-day period is not jurisdictional, but constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328, n. 9 (1976); *Weinberger v. Salfi*, 422 U.S.749, 754 (1975). As such, it is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986). The 60-day statute of limitations in § 405(g) is "contained in a statute that Congress designed to be 'unusually protective' of claimants." *Id.* at 480. Congress's authorization of the Secretary to toll the 60-day limits expresses "its clear intention to allow tolling in some cases." *Id.* In addition to the Secretary's authority, the Court may apply traditional equitable tolling principles to the 60-day period. *Id.*; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

III.   Discussion

Generally, a litigant seeking equitable tolling must show that (1) she has pursued her rights diligently, and (2) some extraordinary circumstances stood in her way. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). Here, the Plaintiff has not only pursued her rights by filing the complaint in this case, but has shown diligence in appealing her social security disability benefit denial through several stages. This included an initial denial, a request for a hearing before an Administrative Law Judge, a request for an Appeals Council review of the ALJ's decision, and the complaint in this case requesting review of the Appeals Council's decision. Dkt. 7.

Although this delay was caused by Plaintiff's counsel not filing an appointment of representative with the agency, the Court finds that the combination of (1) Plaintiff's counsel sending a timely extension request to the Appeals Council (2) Plaintiff's counsel

diligently following up with the Appeal's Council regarding the extension request[1], and (3) the significant risk of prejudice to the Plaintiff if her case is not heard on the merits, together make this "the rare case" where tolling should apply. *Bowen*, 476 U.S. at 480.

IV.  Conclusion

Equitable tolling applies, the Commissioner's motion to dismiss is denied. The parties are hereby ORDERED to proceed with this case – the Commissioner's answer is due 60 days from the date of this order.

Dated this 25th day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge

---

[1] The Court further notes that while the Appeals Council may be bound by HALLEX I-1-1-10(B), HALLEX does *not* impose judicially enforceable duties on the court. *See Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (emphasis added). Thus, for the purposes of the instant motion, the Court does not find it necessary to interpret whether pursuant to HALLEX I-1-1-10(B), the Appeals Council can only send correspondence to attorneys who have filed an Appointment of Representative with the agency.